# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 01-50441
## Summary Calendar

_____

J. C. CARTER,

                                        Plaintiff-Appellant,

versus

TEXAS COMMISSION OF JAIL STANDARDS;
TRAVIS COUNTY HEALTH AND HUMAN SERVICES;
MARGO FRASIER, Sheriff; TRAVIS COUNTY COMMISSIONERS COURT,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-389-SS
- - - - - - - - - -
February 4, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        J. C. Carter, Texas prisoner # 5636, has filed a motion
for leave to proceed in forma pauperis ("IFP") on appeal.  By
moving for IFP, Carter is challenging the district court's
determination that IFP should not be granted on appeal because his
appeal from the district court's denial of his civil-rights
complaint, filed pursuant to 42 U.S.C. § 1983, was not taken in
good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir.
1997).  Our review of the record and pleadings indicates that the
district court did not err in granting summary judgment for the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

defendants. Carter's appeal lacks arguable merit, and the district court did not err in finding that the instant appeal was not taken in good faith. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, Carter's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Carter is reminded that, because he has already accumulated at least three "strikes" under 28 U.S.C. § 1915(g), he is no longer able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).

IFP MOTION **DENIED**; APPEAL **DISMISSED**.